**12-56560**

IN THE

# United States Court of Appeals

### FOR THE NINTH CIRCUIT

―――◆―――

CHRISTOPHER AYDEN BREWSTER, individually,

*Plaintiff-Appellant,*

—v.—

SUN TRUST MORTGAGE, INC.,

*Defendant,*

—and—

NATIONSTAR MORTGAGE, LLC,

*Defendant-Appellee.*

―――

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF CALIFORNIA, SAN DIEGO

## REPLY BRIEF FOR PLAINTIFF-APPELLANT

CHRISTOPHER AYDEN BREWSTER, ESQ.
KENNETH ALEXANDER LEE, ESQ.
BREWSTER & LEE, PC
600 Anton Boulevard, Suite 1100
Costa Mesa, California 92626
(714) 371-4036

*Attorneys for Plaintiff-Appellant*

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES .................................................................................. ii

Introduction .............................................................................................................1

Legal Discussion......................................................................................................2
      A.    Brewster has properly alleged Nationstar violated § 533 of the SCRA..........2
      B.    Brewster's complaint satisfied Federal Rule of Civil Procedure 8 .................4
      C.    Introducing evidence of Brewster's settlement with Sun Trust is
           improper and should not be considered by the Court......................................5

Conclusion...............................................................................................................6

# TABLE OF AUTHORITIES

**Cases**

*Sidebotham v. Robinson* 216 F.2d 816 (9th Cir. 1954) ............................................. 5

**Statutes**

50 U.S.C. § 502 ................................................................................................ 4

50 U.S.C. § 533 (c) .......................................................................................... 2

CA Civil Code § 2924 ..................................................................................... 3

CA Civil Code § 2924 (a)(1)(D)(2) ................................................................. 3

CA Civil Code § 2924.8 .................................................................................. 3

CA Civil Code § 2924c .................................................................................... 3

CA Civil Code § 2924c (b)(1) ......................................................................... 3

CA Civil Code § 2924c (c) ............................................................................... 3

CA Civil Code § 2924g .................................................................................... 3

CA Civil Code § 2924g (c)(1) .......................................................................... 3

**Rules**

Federal Rule of Civil Procedure 8 ................................................................... 4

Federal Rule of Civil Procedure 8 (1), (2) ...................................................... 5

Federal Rule of Evidence 408 (a) .................................................................... 5

**Treatises**

Black's Law Dictionary, 9th Edition, 2009 ..................................................... 2

## Introduction

Appellee Nationstar Mortgage, LLC (hereinafter "Nationstar") continues to fail to properly define what constitutes a foreclosure in the State of California, and ignores the plain meaning of the Servicemembers Civil Relief Act ("SCRA"). A foreclosure is not limited to only the acts of filing a Notice of Default and/or conducting a foreclosure sale. As outlined in Appellant Christopher Brewster's (hereinafter "Brewster") Opening Brief, a foreclosure under California Law is a proceeding that includes several different and distinct phases. In his Complaint and in all of his subsequent pleadings, Brewster alleges Nationstar maintained foreclosure-related fees on his mortgage account and presented demands for repayment for 15 months. Prior to filing a lawsuit, Brewster attempted to work with Nationstar, by informing the bank of the SCRA and the nature of the foreclosure fees, but, his efforts were to no avail. Indeed, it was not until Brewster filed a Complaint in Federal District Court that Nationstar took notice of the foreclosure fees and began evaluation of their actions.

As provided for in his Opening Brief and this Reply Brief, Brewster submits to this Honorable Court that the plain meaning of § 533 of the SCRA proscribes all phases of a foreclosure, to include maintaining a lien against his residence for improperly filed foreclosure fees, and presenting demands for the repayment of those fees. These actions are part of a foreclosure under California law and it is clear that Nationstar maintained those fees and demanded repayment. Contrary to the implication of Nationstar's words in their Appellee's Brief, the bank did not unilaterally or voluntarily remove the foreclosure fees from Brewster's account. They removed the fees only after a lawsuit was filed and expenses were incurred. Moreover, one cannot "unring a bell." The SCRA is a strict liability statute and the

1

act of maintaining foreclosure fees and demanding repayment for 15 months violates the SCRA, even if the fees are subsequently removed.

## Legal Discussion

### A. Brewster has properly alleged Nationstar violated § 533 of the SCRA

The scope and meaning of § 533 of the SCRA is the very issue Brewster has appealed to this Court.  50 U.S.C. § 533 (c) proscribes "a sale, foreclosure, or seizure of property . . . if made during, or within 9 months after, the period of the service member's service." (*See* 50 U.S.C. § 533 (c))  Brewster argues to this Honorable Court that the act of maintaining fees related to a foreclosure and presenting monthly demands for repayment is a part of a foreclosure, and is proscribed by the plain language of the statute.

As outlined in Brewster's Opening Brief, a foreclosure is a process, a procedure.  Nationstar seems to argue that a foreclosure is limited to only filing a Notice of Default and the foreclosure sale.  It clearly is not.  Black's Law Dictionary defines foreclosure thusly:  "A legal proceeding to terminate a mortgagor's interest in property, instituted by the lender (the mortgagee) either to gain title or to force a sale in order to satisfy the unpaid debt secured by the property."

Blacks Dictionary also offers a definition of a foreclosure sale: "the sale of mortgaged property, authorized by a court decree or a power of sale clause, to satisfy the debt."

Furthermore, Black's Law Dictionary defines a seizure/eviction as "the act or process of legally dispossessing a person of land or rental property."  (Black's Law Dictionary, 9th Edition, 2009)

2

Each action – a sale, foreclosure and seizure - proscribed in § 533 (c) of the SCRA has a different definition and is a different and distinct phase of a bank exercising its rights against a default borrower. What is clear from the legal definition of a foreclosure is that it is a proceeding. As set forth in Brewster's Opening Brief, for the instant matter, California law controls what constitutes a foreclosure in California. In California, a lender can chose between a judicial and a non-judicial foreclosure. (CA Civil Code § 2924) Here, the non-judicial foreclosure option was instituted by Sun Trust Mortgage, Inc. (hereinafter "Sun Trust"). A non-judicial foreclosure begins with the filing of a Notice of Default, which puts the borrower on notice of the delinquency and affords the borrower the opportunity to cure the delinquency before a foreclosure sale can occur. (*Id*.) A mortgage note holder is permitted to pass on the fees associated with the filing of a Notice of Default and demand repayment of those fees, in addition to the default amount, to cure the deficiency. (CA Civil Code § 2924c (c)) Moreover, a borrower is allotted a statutorily set period to bring the past due amount and fees associated with the Notice of Default current to "cure" his mortgage account before a sale can take place. (CA Civil Code § 2924c (b)(1), CA Civil Code § 2924 (a)(1)(D)(2)) Indeed, at a lender's discretion, a foreclosure sale may be extended for up to one year, so vast discretion exists for the lender in foreclosure proceedings. (CA Civil Code § 2924g (c)(1)) This process—these proceedings, which entail the filing of the Notice of Default, the levying of fees, and demanding that the fees be repaid are all part of a non-judicial foreclosure in the State of California. (See CA Civil Code §§ 2924, 2924c, 2924g, 2924.8)

Here, Brewster contends that by distinguishing the words "foreclosure, sale or seizure," Congress proscribed all foreclosure activity. Each of those actions is a separate phase of the overall foreclosure proceeding. Brewster contends, and set forth in detail in his Opening Brief, that the acts of maintaining foreclosure fees

3

and demanding the repayment of those fees are necessarily part of the foreclosure. Pursuant to California law, the act of presenting a monthly demand to pay the foreclosure fees was a demand by Nationstar for Brewster to "cure" his mortgage note of the foreclosure fees; that act is part of a non-judicial foreclosure – ergo, that act was unlawful per the SCRA. (Accord 50 U.S.C. §§ 502, 533 (c), CA Civil Code §§ 2924, 2924c, 2924g, 2924.8)

Moreover, contrary to Nationstar's assertions, Brewster's mortgage title was not "cleared" as the fees associated with the Notice of Default remained on his account. How could Brewster know his title was cleared? How was Brewster to know that Nationstar would not begin a foreclosure sale for failure to pay the foreclosure fees while he was deployed overseas? How was Brewster free from "judicial or administrative proceedings" so he could "concentrate on his military duties" as charged in § 502 of the SCRA? Preventing a bank from demanding payment of improper fees of this nature was exactly the purpose of § 533 of the SCRA.

### B. Brewster's complaint satisfied Federal Rule of Civil Procedure 8

Brewster's Complaint meets the standard set per Federal Rule of Civil Procedure ("FRCP") 8. FRCP 8 requires a pleading be a "short and plain statement of the grounds for the court's jurisdiction; a short and plain statement of the claim showing that the pleader is entitled to relief; and, a demand for the relief sought, which may include relief in the affirmative or different types of relief."

Here, Brewster alleged that Appellee Nationstar maintained foreclosure fees in violation of § 533 on Brewster's mortgage account. The Complaint listed the fees and stated that the fees were levied to his account pursuant to an improper commencement of a foreclosure by the filing of a Notice of Default. Furthermore, Brewster properly stated the source of the District Court's jurisdiction and made an

4

adequate demand for relief. (See FRCP 8, *et seq*.) Thus, Nationstar was put on sufficient notice of the nature of the allegations, the source of the District Court's jurisdiction and a claim for relief was plead. Indeed, all that the Brewster was required to do was plead a short and plain statement. (*See Sidebotham v. Robinson* 216 F.2d 816, 826. (9th Cir. 1954))

Brewster argues that the act of maintaining fees levied on his mortgage account by an improper commencement of foreclosure proceedings violates § 533 of the SCRA. This was sufficiently pleaded; and, was in a short and plain statement which put Nationstar on notice of the allegations. For all their grumbling of not knowing the nature of the charges, and Brewster's Complaint being an insufficient pleading, it strikes Brewster as curious that his Complaint was enough notice for Nationstar to take action to begin removal of the disputed fees from his mortgage account. It was Brewster's Complaint, not unilateral action by Nationstar that finally sprung them into action after 15 months. So, Brewster asks: How deficient could the Complaint have been? Nationstar's own actions of taking steps to remove the disputed fees after the filing of his Federal Lawsuit showed that the Brewster's Complaint was a sufficient "short and plain statement of the claim." (Federal Rule of Civil Procedure 8 (1), (2))

### C. Introducing evidence of Brewster's settlement with Sun Trust is improper and should not be considered by the Court

Nationstar made several references in its Appellee's Brief to a settlement reached between Sun Trust and Appellant Brewster. Brewster's Complaint claimed independent causes of action against both Sun Trust and Nationstar. The fact that he has reached a settlement with Sun Trust is irrelevant to the independent allegations he made against Nationstar. Per the Federal Rules of Evidence, evidence of a settlement with a party to a lawsuit is not admissible evidence by the remaining party. (Federal Rule of Evidence 408 (a)) Brewster asserts that his

appeal covers only allegations against Nationstar and the fact he has settled his claim with Sun Trust is irrelevant and inadmissible evidence, as it is being offered to "disprove the validity" of Brewster's claims in this appeal in violation of FRE 408(a). Thus, it should not be considered by this Court.

## Conclusion

Brewster respectfully appeals to this Honorable Court that the plain meaning of § 533 of the SCRA proscribes all phases of a foreclosure, to include maintaining a lien on the service member's account and demanding repayment to cure the lien. Thus, Nationstar's demands to Brewster to pay fees improperly assessed on his mortgage account were a violation of § 533 of the SCRA.

Dated:  March 4, 2013          Respectfully Submitted,

By:     /s/ Kenneth A. Lee
        /s/ Christopher A. Brewster
        Kenneth A. Lee
        Christopher A. Brewster
        BREWSTER & LEE, P.C.
        600 Anton Boulevard, Suite 1100
        Costa Mesa, CA 92626
        (714) 371-4036

        Attorneys for Appellant

6

# **CERTIFICATE OF COMPLIANCE PURSUANT TO FED R. APP. P. 32(a)(7)(C) AND CIRCUIT RULE 32-1 FOR CASE NO. 12-56560**

I certify, pursuant to Fed. R. App. P. 32(a)(7)(C) and Circuit Rules 32-1, that the foregoing brief is proportionately spaced, has a typeface of 14 points, and contains 2,126 words.

Dated:  March 4, 2013          Respectfully Submitted,


By:   */s/ Kenneth A. Lee*
      */s/ Christopher A. Brewster*
      Kenneth A. Lee
      Christopher A. Brewster
      BREWSTER & LEE, P.C.
      600 Anton Boulevard, Suite 1100
      Costa Mesa, CA 92626
      (714) 371-4036

      Attorneys for Appellant

7

# **CERTIFICATE OF SERVICE**

# **Case No. 12-56560**

I hereby certify that on March 4, 2013, I electronically filed APPELLANT'S REPLY BRIEF with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system.

Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

Dated this 4th day of March 2013.

                                            */s/ Kenneth A. Lee*
                                            Kenneth A. Lee